FILED'10 JUL 27 10:55USDC-ORM

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

CHRISTOPHER GONZALEZ-AGUILERA,

Civ. No. 09-579-PA

Plaintiff,

**ORDER**

v.

BRIAN BELLEQUE, SUPT., THOMAS
WRIGHT, CAPTAIN, JOHN DOE,
CORRECTIONAL OFFICER, G. STEARN,
CORRECTIONAL OFFICER,

Defendants.

_____

**PANNER, J.**

Christopher Gonzalez-Aguilera brings this 42 U.S.C. § 1983
claim against various prison employees.  For the reasons that
follow, plaintiff's complaint is dismissed without prejudice.
Defendants' motion for summary judgment [#41] is denied as moot.

**BACKGROUND**

Plaintiff Gonzalez-Aguilera alleges that on June 20, 2009,
prison officer Sahwn Schutt directed a racist slur towards him.
On June 21, 2009, Gonzalez-Aguilera filed a grievance related to

1 - OPINION AND ORDER

the alleged slur.  (Gillies Decl., Attach. 3, 1.)

On June 26, Schutt filed a misconduct report charging Gonzalez-Aguilera with providing False Information to Employees. Gonzalez-Aguilera alleges Schutt filed the misconduct report in retaliation for Gonzalez-Aguilera's grievance.  (Am. Comp., 4.)

On July 5, 2009, Gonzalez-Aguilera filed the first appeal of the grievance.  (Gillies Decl., Attach. 3, 1.)  On September 16, 2009, Gonzalez-Aguilera received the final decision of the agency regarding the grievance.  Id. at 12.

On August 20, 2009, Gonzalez-Aguilera filed an Inmate Discrimination Complaint alleging similar conduct as alleged in the grievance.  (See Humphreys Decl., Attach. 3, 1.)  On November 23, 2009, Gonzalez-Aguilera received the final decision of the agency regarding the complaint.  Id. at 8.

On July 21, 2009, Gonzalez-Aguilera filed the amended complaint [#7] at issue here.

## DISCUSSION

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a) requires a prisoner exhaust all available administrative remedies prior to the filing of a prison conditions § 1983 claim. Exhaustion serves two purposes: (1) it protects administrative authority by granting the agency an opportunity to first correct its own mistakes, and (2) it promotes efficiency.  Woodford et al v. NGO, 548 U.S. 81, 89

(2006) (citing <u>McCarthy v. Madigan</u>, 503 U.S. 140, 145 (1992)).
The exhaustion requirement is mandatory. <u>McKinney v. Carey</u>, 311
F.3d 1198, 1199 (9th Cir. 2002) (per curiam).

On July 21, 2009, Gonzalez-Aguilera filed the amended
complaint [#7]. (Gillies Decl., Attach. 3, 1.) Gonzalez-Aguilera
did not exhaust the grievance or discrimination complaint until
after he filed the complaint. (<u>See</u> Humphreys Decl., Attach. 3,
8.; <u>see</u> <u>also</u> Gillies Decl., Attach. 3, 12.) It makes no
difference that Gonzalez-Aguilera exhausted the administrative
remedies during litigation. <u>McKinney</u>, 311 F.3d at 1201. Rather,
courts must dismiss the complaint without prejudice even when a
petitioner exhausts the available remedies during litigation.
<u>Id.</u> The Ninth Circuit recognizes this requirement, potentially
resulting in additional expenditures on the parties and the
court, furthers the twin Congressional objectives of the PLRA.
<u>Id.</u> at 1200-01.

Because Gonzalez-Aguilera filed the complaint prior to
exhausting the available administrative remedies, the complaint
must be dismissed without prejudice. <u>Id.</u>; <u>Vaden v. Summerhill</u>,
449 F.3d 1047, 1050-51 (9th Cir. 2006).

////

////

////

////

## CONCLUSION

The amended complaint [#7] is dismissed without prejudice.

Defendants' motion for summary judgment [#41] is denied as moot.

IT IS SO ORDERED.


DATED this _27_ day of July, 2010.


OWEN M. PANNER
U.S. DISTRICT JUDGE


4  - ORDER