FILED'11 FEB 16 14:05USDC-ORM

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

CHRISTOPHER GONZALEZ-AGUILERA,

        Plaintiff,

    v.

BRIAN BELLEQUE, SUPT., THOMAS
WRIGHT, CAPTAIN, JOHN DOE,
CORRECTIONAL OFFICER, G. STEARN,
CORRECTIONAL OFFICER,

        Defendants.

Civ. No. 09-579-PA

**ORDER**

**PANNER, J.**

    Plaintiff Christopher Gonzalez-Aguilera brings this 42 U.S.C. § 1983 claim against various prison employees. For the reasons that follow, I grant defendants' motion for summary judgment [#41].

## BACKGROUND

    On June 20, 2009, Gonzalez-Aguilera alleges that prison officer Sahwn Schutt directed a racist slur towards him. On June

21, 2009, Gonzalez-Aguilera filed a grievance regarding the alleged slur. (Gillies Decl., Attach. 3, 1.) On June 26, Officer Schutt filed a misconduct report charging Gonzalez-Aguilera with providing False Information to Employees. Schutt dated the report June 20, the date of the incident. On June 26, Gonzalez-Aguilera received a copy of the misconduct report. (Schutt Decl. Attach. 1, 10.)

As Gonzalez-Aguilera filed the grievance prior to Officer Schutt's filing of the misconduct report, the grievance did not mention retaliation. On July 5, 2009, in his first appeal of the grievance, Gonzalez-Aguilera again did not allege any retaliation, instead notifying officials that "this grievance concerns only his inappropriate remarks [Schutt] made to me." Id. at 7. On September 16, 2009, Gonzalez-Aguilera exhausted the administrative remedies related to the grievance. Id. at 12.

On August 20, 2009, nearly two months after Officer Schutt allegedly retaliated against Gonzalez-Aguilera, Gonzalez-Aguilera filed an Inmate Discrimination Complaint. (Humphreys Decl., Attach. 3, 1.) Similar to the grievance, the discrimination complaint did not allege retaliation. (Id.) Specifically, the complaint stated, "I am grieving C/O Schutt's inappropriate racial remarks." Id. On November 23, 2009, Gonzalez-Aguilera exhausted the administrative remedies related to the discrimination complaint. Id. at 8.

2 - OPINION AND ORDER

On July 21, 2009, Gonzalez-Aguilera filed the amended complaint [#7]. The amended complaint seeks damages and injunctive relief for retaliation in response to the filing of a grievance. Id. at 1. Gonzalez-Aguilera argues the alleged retaliation violated his First Amendment rights. Id. at 1-2.

## STANDARDS

The court must grant summary judgment if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Ricci v. Destefano, 129 S.Ct. 2658, 2677 (2009) (quoting Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). If there is a "genuine" dispute as to a fact, that fact must be viewed in the light most favorable to the nonmoving party. Id. If the moving party shows that there are no genuine issues of material fact, the nonmoving party must go beyond the pleadings and designate facts showing an issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

## DISCUSSION

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a) requires a prisoner exhaust all available administrative remedies prior to the filing of a prison conditions § 1983 claim. The exhaustion requirement applies "irrespective of the forms of

3 - OPINION AND ORDER

relief sought and offered through administrative avenues." <u>Booth v. Churner</u>, 532 U.S. 731, 741 n.6 (2001). The exhaustion requirement is mandatory. <u>McKinney v. Carey</u>, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam).

Here, Gonzalez-Aguilera's amended complaint [#7] seeks damages resulting from retaliation. Gonzalez-Aguilera argues that he had no available administrative remedy. In support of this argument, Gonzalez-Aguilera notes that O.A.R. 291-109-0140(3)(c) prohibits inmates from grieving misconduct reports or investigations related to misconduct reports. While Gonzalez-Aguilera could not grieve the retaliation (in the form of a misconduct report) at issue here, an available administrative remedy existed as to the retaliation claim.

O.A.R. 291-006-0005 outlines the authority, purpose, and policy for the procedures concerning prisoner discrimination complaints. The rule prohibits discrimination based on race. <u>Id.</u> at (2)(a). The rule also prohibits discrimination in retaliation for opposing any prohibited discrimination. <u>Id.</u> at (2)(c). The policy specifically prohibits "retaliation . . . because the person has opposed unlawful discrimination [or] filed a complaint . . . or has attempted to do so." <u>Id.</u> at (3). Under the rules, a prisoner may file a written complaint with 180 days of the alleged discrimination. O.A.R. 291-006-0015(2)(a). As Gonzalez-Aguilera claims Officer Schutt filed the misconduct report in

4 - OPINION AND ORDER

retaliation for Gonzalez-Aguilera's grievance of an alleged racial slur, O.A.R. 291-006-0005(2)(c) correlates exactly to Gonzalez-Aguilera's retaliation claim. The rules therefore provide an "available administrative remed[y]" for retaliation that Gonzalez-Aguilera had to exhaust prior to filing a Section 1983 complaint. See 42 U.S.C. § 1997e(a).

In part through the requirement that prisoners exhaust their claims utilizing any available administrative remedies, Congress sought to "filter out the bad claims and facilitate consideration of the good." Jones v. Bock, 549 U.S. 199, 204, 127 S.Ct. 910 (2007). The exhaustion requirement puts prison officials on notice of the claims, allowing them the opportunity to address and resolve disputes prior to the filing of a lawsuit. Id. In addition to reducing the number of inmate suits, the exhaustion requirement improves the quality of the suits filed by guaranteeing a useful administrative record. Id.

Gonzalez-Aguilera made no mention of retaliation or the misconduct report in his discrimination complaint or appeal. (Humphreys Decl. Attach. 3, 1.) While alerting prison officials that Officer Schutt allegedly used a racial slur, the discrimination complaint provided no notice of any alleged retaliation. Prison officials here had no opportunity to address the alleged retaliation "before being haled into court." Jones, 549 U.S. at 204. Because Gonzalez-Aguilera did not

5 - OPINION AND ORDER

properly exhaust the administrative remedies available prior to filing the complaint, the complaint must be dismissed. Id.; Woodford v. Ngo, 548 U.S. 81, 93-95, 126 S.Ct. 2378 (2006).

In addition to concluding the complaint must be dismissed, I conclude Gonzalez-Aguilera's retaliation claim fails on the merits. Within the prison context, a viable claim of First Amendment retaliation must demonstrate that the adverse action taken by the state did not reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

During the confrontation leading to the filing of first the grievance and then the misconduct report, Gonzalez-Aguilera admits yelling at and threatening Officer Schutt. (Pl.'s Resp., Docket #52, 2.); (Pl's Decl. Docket #53, 2.); (Resp. to Def.'s Reply, Docket #67, 2.) Officer Schutt confirms that Gonzalez-Aguilera "started yelling obscenities, and made verbal physical threats towards me." (Schutt Decl., ¶ 5.)

The misconduct report alleging Gonzalez-Aguilera provided False Information to Employees was ultimately dismissed without prejudice due to a more appropriate charge of "physical threat made by an inmate to another person[.]" (Schutt Decl., Attah. 1, 8.) "There is no doubt that protecting the safety of guards in general is a legitimate interest[.]" Mauro v. Arpaio, 188 F.3d 1054, 1059 (9th Cir. 1999). Because it is undisputed that

Gonzalez-Aguilera threatened Officer Schutt, Gonzalez-Aguilera can not demonstrate the filing of the misconduct report did not advance any legitimate penological interest. Gonzalez-Aguilera's retaliation claim therefore fails on the merits.

## CONCLUSION

Defendants' motion for summary judgment [#41] is GRANTED.

IT IS SO ORDERED.

DATED this 16 day of February, 2011.

OWEN M. PANNER
U.S. DISTRICT JUDGE

7 - ORDER